IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 99-31220
_____



WALLACE BODDEN,

Plaintiff-Appellant,

VERSUS

NATIONAL PETROLEUM CONSTRUCTION COMPANY
ABU DHABI UNITED ARAB EMIRATES, ET AL

Defendants,


NATIONAL PETROLEUM CONSTRUCTION COMPANY
ABU DHABI UNITED ARAB EMIRATES,

Defendant-Appellee.


_____


Appeal from the United States District Court
for the Eastern District of Louisiana, New Orleans
_____
November 17, 2000

Before DAVIS, BARKSDALE, Circuit Judges, and WOOD, Jr.[*], Senior Circuit Judge.

_____

[*]Honorable Harlington Wood, Jr., Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

PER CURIAM:[**]

Wallace Bodden filed a maritime personal injury action in state court against the National Petroleum Construction Company, Abu Dhabi United Arab Emirates ("NPCC"). The NPCC removed to the district court, asserting jurisdiction under 28 U.S.C. § 1330 as a foreign state pursuant to the Foreign Sovereign Immunity Act ("FSIA"), 28 U.S.C. §§ 1601- 1611. The district court granted NPCC's motion to dismiss on the basis of NPCC's immunity from jurisdiction under 28 U.S.C. § 1604. Bodden appeals. We affirm.

Bodden was on a barge tender which was working in tandem with a derrick barge owned and operated by NPCC and Abu Dhabi Marine Operating Co. ("ADMO").[1] The two barges were located in the Persian Gulf within the territorial waters of Abu Dhabi. NPCC is a corporation under the laws of Abu Dhabi. Based on a document similar to articles of incorporation, the district court determined that 70% of the NPCC's stock is owned by Abu Dhabi National Oil Co. ("ADNOC"). Plaintiff concedes that ADNOC is owned directly by the government of Abu Dhabi. The district court found that NPCC was entitled to immunity as a foreign state under 28 U.S.C. § 1603, which provides:

---

[**]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]In an order dated October 12, 1999, the district court found that ADMO was an Abu Dhabi corporation with a majority of its shares held by the government of Abu Dhabi and was immune from jurisdiction of the United States courts.

(a) A "foreign state", . . .includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in subsection (b).
(b) An "agency or instrumentality of a foreign state" means any entity–
   (1) which is a separate legal person, corporate or otherwise, and
   (2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof . . . .

Bodden asserts that indirect ownership by a foreign state is not sufficient to qualify an entity for foreign state status. In *Delgado v. Shell Oil Co.*, No. 95-21074 (5th Cir. Oct. 19, 2000), this circuit held that "the majority ownership requirement for an entity to qualify as a 'foreign state' under FSIA is satisfied by tiered or indirect majority ownership to the same extent that it is satisfied by direct ownership." We therefore AFFIRM the district court's dismissal of NPCC.[2]

---

[2]In his brief, Bodden also argued that the district court's dismissal of his claims as time-barred under a one-year prescription must be corrected. This argument is moot as the district court has already corrected itself. In its order of June 9, 1999, the district court, characterizing the complaint as a "delictual" action, found the claim to be time-barred under Louisiana's one year statute of limitations, due to the fact that the alleged incident occurred on May 23, 1997, and the complaint was filed on October 13, 1998. However, in its order of October 12, 1999, the district court stated that its previous determination of prescription "under Louisiana law was premature," and conceded that the possibility of applying general maritime law existed.